UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00019-FDW-DCK

| ROBERT JOHNSON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | ORDER |
| SCHNEIDER ELECTRIC, et , | ) ) ) | |
| Defendants. | ) | |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. On April 13, 2017, the Court issued an order directing the United States Marshal to serve process in this matter. The Clerk issued summons the next day (Doc. No. 6). The United States Marshals Service has been ordered to serve Defendants Amy Blendinger, Amanda Burke, Carmen Iaqulli, Michael Long, Schneider Electric, and Peter Schulzin accordance with Rule 4 of the Federal Rules of Civil Procedure. Because of an administrative oversight by the Court and in light of Plaintiff's failure to take any action in prosecution of this case by inquiring as to the status of service or requesting additional time for which to serve the parties, the Court only recently discovered that the United States Marshal has not provided proof of service or submitted any notice indicating an inability to serve. A show cause order (Doc. No. 8) issued to Plaintiff, and in response, Plaintiff requested additional time for service (Doc. No. 9). In order to grant the motion, the Court must first determine what reasonable efforts the U.S. Marshal has undertaken to serve Defendants in this case.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action

1

subject to dismissal. Rule 4(m) of the Federal Rules of Civil Procedure allows a court to dismiss *sua sponte* unserved defendants after 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). If a plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service can constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (applying rule in a case brought by a federal prisoner). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

No summons form has been returned with regards to any Defendants here. Within **14 days** of this Order, the U.S. Marshals Service shall file a Response informing the Court of the status of its efforts to serve Defendants.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall file a Response within **fourteen (14) days** of this Order informing the Court of the status of its efforts to serve Defendants.

Signed: December 5, 2019

Frank D. Whitney
Chief United States District Judge