UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00126-FDW-DSC

| | |
|---|---|
| ROBERT JOHNSON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SCHNEIDER ELECTRIC, MICHAEL LONG, CARMEN IAQUILLI, AMY BLENDINGER, AMANDA BURKE, and PETER SCHULZ, <br><br> Defendants. | ORDER and ROSEBORO NOTICE |

THIS MATTER is before the Court on Plaintiff's Pro Se Motion for Extension of Time (Doc. No. 9), the Motion to Dismiss filed by Defendants Amy Blendinger and Schneider Electric (Doc. No. 14), and the Motion to Dismiss filed by Defendant Peter Schulz (Doc. No. 16). Plaintiff has not yet responded to Defendants' motions. For the reasons that follow, the Court DENIES the Motions to Dismiss IN PART to the extent Defendants rely on Rules 12(b)(2) and (b)(5) and DEFERS RULING IN PART on the remainder of arguments in the Motions. In accordance with the principles under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court hereby advises him of his right to respond to Defendants' motions and the burden of proof he carries in so responding.[1] Finally, also before the Court is the status of service by the U.S. Marshal Service as to several Defendants in this matter. The Court addresses these issues in turn.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and

1

The gravamen of Defendants' argument rests on two arguments: 1) the significant delay by the U.S. Marshal in serving the summons and Complaint in this matter; and 2) Plaintiff's failure to satisfy the Title VII administrative requirements for filing the instant action – namely, that Plaintiff failed to file the Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of the alleged discrimination.

I. **PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

Turning first to the arguments in support of the pending Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(5), the Court finds that based on its familiarity with the procedural posture of this case, no response by Plaintiff is necessary under this record. It is well-settled law that the court "will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf." Adkins v. Jackson, No. 5:15-CV-102-FDW, 2018 WL 1279338, at *2–3 (W.D.N.C. Mar. 12, 2018) (citing Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, 2012 WL 140417 at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs

---

alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

cannot be held responsible"), adopted, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012); see also Swanson v. Gaston Cty. Sheriff's Dep't, No. 3:18-CV-86-FDW, 2019 WL 236730, at *3 (W.D.N.C. Jan. 15, 2019); but see Gittens v. Equifax, No. 3:16-cv-00228-FDW-DSC (Nov. 5, 2019) (dismissal in case where the plaintiff did not rely on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf); see also Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990) ("[H]aving provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure."); Sellers v. United States, 902 F.2d 598, 602 (7th Cir.1990) (stating that the Marshal's failure to effect service of process for an in forma pauperis plaintiff is "automatically good cause" within Rule 4(j)).

For these reasons, the Court GRANTS Plaintiff's motion for extension of time. Additionally, the Court finds that dismissal is not appropriate, particularly where the responding Defendants received actual notice of the lawsuit. Based on the court's policy of liberally construing a pro se litigant's pleadings, the Court DENIES in part the pending Motions to Dismiss to the extent the parties rely on improper service and the related arguments concerning lack of personal jurisdiction. **Plaintiff need not respond to those portions of the motion arguing improper service and lack of personal jurisdiction.**

## II. MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

The Court, however, DEFERS ruling on the arguments by the parties moving for dismissal pursuant to Rule 12(b)(1) and Rule 12(b)(6). Accordingly, the Court hereby advises Plaintiff of the burden he carries in responding to Defendants' motions.

## A. Fed. R. Civ. Pro. 12(b)(1)

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) contending that this Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff is advised that Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. Pro. 12(h)(3) (emphasis added).

When a court considers its subject matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317,

> 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Plaintiff is entitled to present evidence outside the pleadings if it is helpful to establishing subject matter jurisdiction in response to Defendants' Motions.

**B. Fed. R. Civ. Pro. 12(b)(6)**

Defendants also move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff must show in his response to Defendant's motion that the complaint contains sufficient allegations to support a cause of action against Defendant. In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

5

### C. Deadline to Respond

Plaintiff is advised that he has fourteen (14) days from the day of this order, or **until February 14, 2020**, to file a response to Defendants' motions in light of the above standards. Plaintiff's response must be properly served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. Defendants shall have seven (7) days after the filing of any response by Plaintiff to submit a reply. **<u>Plaintiff's failure to respond may result in Defendants being granted the relief they seek, that is dismissal of the complaint</u>.**

### III. U.S. MARSHAL SERVICE OF PROCESS ON REMAINING DEFENDANTS

Despite the Court's prior order directing the U.S. Marshals Service to serve summons in this matter (Doc. No. 10); no summons form has been returned with regards to Defendants Michael R. Long, Carmen J. Iaqulli, or Amanda Burke (see Doc. No. 1-1). Within **seven (7) days** of this Order, the U.S. Marshals Service shall file a Response informing the Court of the status of its efforts to serve Defendants.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall file a Response within **seven (7) days** of this Order informing the Court of the status of its efforts to serve these remaining Defendants. If the U.S. Marshal has been unable to serve these remaining Defendants despite reasonable efforts to locate and obtain personal service on them, the response shall so indicate.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time (Doc. No. 9) is GRANTED, and Defendants' Motions to Dismiss (Docs. Nos. 14, 16) are DENIED IN PART and DEFERED IN PART. Plaintiff may respond to Defendants' Motions to Dismiss, specifically

the arguments concerning lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Fedearl Rule of Civil Procedure 12(b)(6) **on or before February 14, 2020.** Failure to file a timely and persuasive response could lead to the dismissal of Plaintiff's lawsuit against Defendants.

**IT IS THEREFORE ORDERED that** the U.S. Marshal shall file a Response within **seven (7) days** of this Order informing the Court of the status of its efforts to serve these remaining Defendants.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record, the U.S. Marshal Service, and all Defendants who have appeared in this matter.

**IT IS SO ORDERED.**

Signed: January 31, 2020

_____
Frank D. Whitney
Chief United States District Judge