UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00126-FDW

| ROBERT JOHNSON JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SCHNEIDER ELECTRIC, MICHAEL LONG, CARMEN IAQULLI, AMY BLENDINGER, AMANDA BURKE, and PETER SCHULZ, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendants Schneider Electric USA, Inc. ("Schneider") and Amy Blendinger's Motion to Dismiss (Doc. No. 14) and Defendant Peter Schulz's Motion to Dismiss (Doc. No. 16). Plaintiff has timely responded. (Doc. No. 24). The Court GRANTS IN PART and DENIES AS MOOT IN PART the pending Motions to Dismiss. For the reasons below, as to Plaintiff's remaining claims, the Court *sua sponte* GRANTS Plaintiff leave to amend and DIRECTS Plaintiff to file an Amended Complaint as explained herein **within fourteen (14) days** of the entry of this order.

## I. BACKGROUND

On March 13, 2017, *pro se* Plaintiff, Robert Johnson, Jr., filed suit under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff's Complaint (Doc. No. 1), supplemental filings (Doc. No. 5; Doc No. 7), Response (Doc. No. 24), and six Charges of Discrimination filed with

1

the Equal Employment Opportunity Commission ("EEOC")[1] (Doc. No. 5; Doc. No. 7) allege the following:

On December 16, 2012, Plaintiff was hired by Schneider as an Electrical Technician. Although Plaintiff's Complaint states that the discriminatory acts occurred on or about July 14, 2015, Plaintiff's six Charges of Discrimination portray harassment starting in July 2015 and continuing to his termination in October 2016. Plaintiff's Charges further indicate that the harassment he faced was both retaliatory and discriminatory in nature.[2] Plaintiff received a Notice of Suit Rights with respect to each of his initial five Charges of Discrimination from the EEOC on December 12, 2016, and received a final Notice of Suit Rights with respect to his sixth EEOC Charge on May 25, 2017. Upon receiving the initial Notices of Suit Rights, Plaintiff filed suit. Based on the multiple filings, the Court reads Plaintiff's Complaint as attempting to assert 3 causes of action: (1) Discrimination; (2) Retaliation; and (3) Wrongful Termination.

Plaintiff bases Count 1 of his Complaint on a written warning he received on July 14, 2015 for unsafely performing his job. He supports his claim by asserting another coworker acted in the same way and did not receive disciplinary action.

Plaintiff bases Count 2 of his Complaint on another written warning he received for unsafely performing his job on July 14, 2016. Plaintiff asserts the act he was written up for is part of the normal process at Schneider and states that the incident as described by Schneider in its

---

[1] Plaintiff filed Charges of Discrimination on March 16, 2016, July 27, 2016, July 29, 2016, September 2, 2016, September 26, 2016, and October 27, 2016.
[2] Each of Plaintiff's six charges alleged discrimination based on retaliation. Plaintiff's July 29, 2016, and September 2, 2016, charges alleged discrimination based on retaliation and disability. Plaintiff's March 16, 2016, charge alleged discrimination based on retaliation and race.

response to the EEOC Charges is an inaccurate depiction of the events that took place. Plaintiff further describes the incident and explains his justification in his filed Addendum. (Doc. No. 7).

Although Plaintiff does not explicitly state Count 3 of his Complaint, his Complaint identifies his termination as a "discriminatory" act for which his suit is based. (Doc. No. 1). Construing all the pleadings liberally, plaintiff seems to assert his termination was based on a fictitious psychological disorder, fabricated by Schneider in retaliation for Plaintiff's six EEOC Charges. Plaintiff's Addendum (Doc. No. 7) and Response (Doc. No. 24) provides a summary of alleged events leading up to his termination from his perspective.

On March 14, 2017, Plaintiff's Motion to proceed *in forma pauperis* (Doc. No. 2) was granted. However, the U.S. Marshals Service failed to complete timely service as required by Federal Rule of Civil Procedure 4(m) with respect to the Defendants. On January 2, 2020, Defendants Schneider and Amy Blendinger filed their Motion to Dismiss and Memorandum in support of their Motion. (Doc. No. 14; Doc No. 15). Likewise, on January 6, 2020, Defendant Peter Schulz filed his Motion and Memorandum in support of his Motion to Dismiss. (Doc. No. 16; Doc. No. 17).

In response to Defendants' Motions to Dismiss (Doc. No. 14; Doc. No. 16), this Court, in its Order filed January 31, 2020, denied the motions to the extent Defendants relied on Rules 12(b)(2) and (b)(5). This Court, in accordance with the principles under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), further advised Plaintiff of his right to respond to Defendants' Motions and the burden of proof he carried in so responding. On February 13, 2020, Plaintiff filed his Response to Defendants' Motions to Dismiss (Doc. No. 24).

## II. DISCUSSION

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### A. SUBJECT MATTER JURISDICTION

Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion.'" Mosley v. Wells Fargo Bank, N.A., 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous,'" Hagans v. Lavine, 415 U.S. 528, 537 (1974) (citations omitted); see also Bell v. Hood, 327 U.S. 678, 682–83 (1946). Questions concerning subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)); Plyler v. Moore, 129 F.3d 728, 731 n6 (4th Cir. 1997). The burden of establishing subject matter jurisdiction lies on the party asserting its existence. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Federal Rule of Civil Procedure (12)(h)(3) requires dismissal of claims against

all defendants where the Court determines that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

### 1. Jurisdiction over Individual Defendants

Title VII and the ADA do not provide liability as to individual defendants. Eskridge v. Hickory Springs Mfg., No. 5:11-CV-176, 2014 WL 1386519, at *1 (W.D.N.C. Apr. 9, 2014) (citing Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (The Fourth Circuit holding that, just as the ADEA did not convey individual liability, nor did Title VII.)) To the extent that Plaintiff's Complaint requests relief from individual defendants, his Complaint must be dismissed for lack of subject matter jurisdiction. Because the Court does not have subject matter jurisdiction, the dismissal as to individual defendants applies to both served and unserved defendants. See Keeler v. City of Hampton, Inc., No. 4:15CV76, 2015 WL 13065191, at *5 (E.D. Va. Oct. 9, 2015), aff'd sub nom. Keeler v. City of Hampton, 628 F. App'x 206 (4th Cir. 2016) (Finding dismissal of all Defendants, served and unserved, proper where the Court lacked subject matter jurisdiction pursuant to Rule 12(h)(3).) Consequently, with regards to individual Defendants Michael Long, Carmen Iaqulli, Amy Blendinger, Amanda Burke, and Peter Schulz, Defendants' Motions to Dismiss (Doc. No. 14; Doc. No. 16) are GRANTED.

### 2. Count 1 – Discrimination

To bring a claim under Title VII, Plaintiff must prove he has properly exhausted his administrative remedies. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A); Mezu v. Morgan State University, 367 Fed.Appx. 385, 388 (4th Cir. 2010); Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). An individual properly exhausts his administrative remedies by: (1) filing a Charge of Discrimination with the EEOC within 180 days of the occurrence of the alleged

discrimination; (2) receiving statutory Notice of Right to Sue from the EEOC; and (3) filing the lawsuit based on the Charge of Discrimination within ninety (90) days of receiving the Notice. 42 U.S.C. § 2000e-5(e), (f)(1); 29 U.S.C. § 626(d), (e). If the individual does not file within 180 days, he has failed to exhaust his administrative remedies and is foreclosed from bringing suit on the allegations under Title VII.[3] See 42 U.S.C. § 2000e-5(f)(1); see also Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 393 (1982); Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Clarke v. DynCorp Int'l LLC, 962 F. Supp. 2d 781, 787 (D. Md. 2013). Consequently, a Complaint must be dismissed pursuant to Rule 12(b)(1) if the Plaintiff has failed to sufficiently "allege and prove filing of a timely charge of discrimination… together with receipt of, and action on, a statutory notice of his right to sue." United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) (citing 42 U.S.C. § 2000e-5(f)(1)).

Here, Plaintiff has failed to exhaust his administrative remedies with respect to Count 1 of his Complaint. As discussed above, Count 1 of Plaintiff's Complaint portrays a discrete incident involving Plaintiff's coworker, Jamal Adams, that occurred in July of 2015 and a written warning that ensued on July 15, 2015, as a result of the incident. Although Plaintiff filed a Charge of Discrimination with the EEOC on March 16, 2016, alleging misconduct for the timeframe including July 2015, Plaintiff failed to mention the Jamal Adams incident in any EEOC Charges. A blanket charge of racial discrimination from the dates of July 1, 2015, to April 13, 2016, does not sufficiently encompass an incident not specifically mentioned, especially when Plaintiff's

---

[3] "The 180-day limitations period in 26 U.S.C. § 626(d)(1) is not jurisdictional and may be equitably tolled." Stroupe v. Hammary Furniture Co., No. 5:99CV141-H, 2000 WL 1448591, at *2 (W.D.N.C. Mar. 15, 2000); See also Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982). Plaintiff has not provided any justification for why Count 1 of his claim is subject to equitable tolling, and the Court does not see any reason for providing the Plaintiff with such relief.

Complaint fails to assert discrimination based on race or any other protected class and does not provide any allegations to suggest the alleged discrimination arising out of the July 2015 alleged misconduct was an ongoing matter. Because Plaintiff failed to file a Charge of Discrimination with the EEOC within 180 days from the incident with Jamal Adams, Plaintiff failed to exhaust his administrative remedies and Count 1 of his Complaint must be dismissed. For the foregoing reasons, Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 14; Doc. No. 16) are GRANTED with respect to Count 1.

### B. LEAVE TO AMEND

Turning to the remainder of Defendants' Motions to Dismiss, the Court finds that an opportunity to amend is more appropriate under the record before the Court. Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199

7

F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

The Court is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend, particularly given Plaintiff's *pro se* status. In order to make clear the allegations that have been set forth over multiple documents, the Court directs Plaintiff to file, **within fourteen (14) days** of the entry of this order, a new, complete Amended Complaint that includes all remaining claims and allegations against Defendant Schneider only. Plaintiff is cautioned that **absent extraordinary circumstances, no further amendments to the complaint are likely to be allowed. Failure to comply with these directives could result in summary dismissal of the claims.**

### C. PERSONAL JURISDICTION, SERVICE OF PROCESS, PROCESS

This Court, in its Order filed January 31, 2020 (Doc. No. 19), denied Defendants' Motions to Dismiss to the extent Defendants relied on Rules 12(b)(2) and (b)(5).

For the same reasons stated in the Court's January 31, 2020 Order, Defendants' Motion to Dismiss (Doc. No. 14) is DENIED to the extent Defendants rely on Rule 12(b)(4).

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. No. 14; Doc. No. 16) are GRANTED IN PART and DENIED AS MOOT IN PART. The Court *sua sponte* grants Plaintiff leave to amend the complaint and **Plaintiff will have fourteen (14) days from the date of this Order's entry to file a final, comprehensive amended complaint.**

This Order is **without prejudice** to any Defendant filing a motion to dismiss the Amended Complaint, if appropriate.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Frank D. Whitney
Chief United States District Judge