UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00126-FDW

| | |
|---|---|
| ROBERT JOHNSON, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCHNEIDER ELECTRIC, MICHAEL )<br>LONG, CARMEN IAQULLI, AMY )<br>BLENDINGER, AMANDA BURKE, and )<br>PETER SCHULZ, )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant Schneider Electric USA, Inc.'s ("Schneider") Motion to Dismiss (Doc. No. 28) and Defendant Dr. Peter Schulz's (Dr. Schulz) Motion to Dismiss (Doc. No. 30). The Court has given Plaintiff abundant opportunity to amend his Complaint to properly adhere to the Federal Rules of Civil Procedure. (Doc. No. 19; Doc. No. 26). Pursuant to the Court's instruction to file "a new, complete Amended Complaint that includes all remaining claims and allegations against Defendant Schneider" (Doc. No. 26), Plaintiff filed an Amended Complaint on March 10, 2020, naming Amy Blendinger, Amanda Burke, Carmen Iaqulli, Michael Long, Schneider Electric, and Peter Shulz as Defendants. (Doc. No. 27). Defendant Schneider filed its Motion to Dismiss on March 24, 2020 (Doc. No. 28) and Defendant Dr. Schulz, in an abundance of caution, filed a Motion to Dismiss on the same day (Doc. No. 30). Plaintiff failed to submit any response, and the time for doing so has long expired.[1] Accordingly,

---

[1] Based on the procedural history in this case, the Court notes Plaintiff is well aware of his responsibility to respond and the burden he carries in so responding. See Docs. Nos. 8, 19, 26.

1

the Motions are now ripe for review. For the reasons set forth below, Defendants' Motions to Dismiss are GRANTED.

## I. BACKGROUND

*Pro se* Plaintiff, Robert Johnson Jr. filed six (6) Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") between March 16, 2016 and October 27, 2016. On March 13, 2017, Plaintiff filed suit in this Court under Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. No. 1). Without requesting leave to amend from the Court, Plaintiff filed an Affidavit on March 17, 2017. (Doc. No. 5). Upon administrative review, the Court issued an Order to Show Cause requesting Plaintiff demonstrate why this matter should not be dismissed for failure to prosecute. (Doc. No. 8). Based on Plaintiff's response (Doc. No. 9), the Court directed the United States Marshal to inform the Court as to he status of its efforts to serve Defendants. (Doc. No. 10). Defendants were subsequently served (see Docs. Nos. 11, 12, 13, 14). On January 2, 2020, Defendants Schneider and Amy Blendinger filed their Motion to Dismiss. (Doc. No. 14). Likewise, on January 6, 2020, Defendant Dr. Peter Schulz filed Motion to Dismiss. (Doc. No. 16).

After reviewing Defendants' Motions to Dismiss and prior to any respond by Plaintiff, this Court, in its Order filed January 31, 2020, denied the motions to the extent Defendants challenged proper service in reliance on Rules 12(b)(2) and (b)(5) of the Federal Rules of Civil Procedure. (Doc. No. 19). In the same Order, this Court, in accordance with the principles under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), further advised Plaintiff of his right to respond to the remaining portions of Defendants' Motions and the burden of proof he carried in so responding. (Doc. No. 19).

On February 13, 2020, Plaintiff filed his Response to Defendants' Motions to Dismiss (Doc. No. 24). In an Order filed February 25, 2020, the Court noted Plaintiff's incomprehensible allegations were spread across numerous filings and *sua sponte* gave Plaintiff the opportunity to file "a new, complete Amended Complaint that include[d] all remaining claims and allegations against Defendant Schneider." (Doc. No. 26, p. 8). The Court dismissed all claims against individual Defendants and Claim 1 of Plaintiff's original Complaint, finding that amendment could not save those claims. (Doc. No. 26). Pursuant to the Court's Order, Plaintiff filed an Amended Complaint (Doc. No. 27) on March 10, 2020. In his Amended Complaint, Plaintiff states, "[t]he Salisbury Schneider Electric management team is guilty of discrimination, harassment, retaliation, defamation of character, and bullying" (Doc. No. 27, p. 2), and seems to assert the following three (3) causes of action:

Plaintiff bases Count 1 of his Amended Complaint on a written warning he received on July 14, 2015, for unsafely performing his job. He supports his claim by asserting another coworker acted in the same way and did not receive disciplinary action.

Plaintiff bases Count 2 of his Complaint on another written warning he received for unsafely performing his job on July 14, 2016. Plaintiff asserts the allegedly unsafe act is part of the normal process at Schneider and states that the incident, as described by Schneider, is an inaccurate depiction of the events that took place.

Although Plaintiff does not explicitly state Count 3, his Amended Complaint contends Schneider attempted to force Plaintiff out on unrequested medical leave, which eventually lead to his allegedly unjustified termination. (Doc. No. 27). Plaintiff attempts to support his claim by providing a summary of alleged events leading up to his termination from his perspective.

3

Defendants Schneider and Dr. Schulz filed Motions to Dismiss Plaintiff's Amended Complaint on March 24, 2020. (Doc. No. 28; Doc. No. 30).

## II. DISCUSSION

Federal Rule of Civil Procedure (12)(b)(1) requires dismissal of claims against all defendants where the Court determines that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The burden of establishing subject matter jurisdiction lies on the party asserting its existence. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) likewise provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive only if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the *pro se* plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### A. DEFENDANT SCHULZ

In an abundance of caution, Dr. Schulz filed a Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 30) because the Amended Complaint is docketed against Dr. Schulz and Plaintiff's exhibit referenced Dr. Schulz. As discussed in the Court's Order filed February 25, 2020, Title VII and the ADA do not provide liability as to individual defendants. See Eskridge v. Hickory Springs Mfg., No. 5:11-CV-176, 2014 WL 1386519, at *1 (W.D.N.C. Apr. 9, 2014) (citing Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999). To the extent Plaintiff continues to rely on Title VII and/or ADA against individual Defendants, his claims must be dismissed, as he has failed to state

5

a claim for which relief can be granted. Thus, Dr. Schulz's Motion to Dismiss is GRANTED, and for the reasons stated in the Court's prior Order, Plaintiff's Amended Complaint is DISMISSED as to all other individual Defendants.

## B. DEFENDANT SCHNEIDER

### 1. Count 1 – Discrimination –

Despite the Court's previous dismissal of Count 1 of Plaintiff's Complaint (Doc. No. 26), Plaintiff reasserts the claim in his Amended Complaint. (Doc. No. 27). To avoid any confusion, the Court consequently incorporates that ruling from its previous analysis of Count 1:

> To bring a claim under Title VII, Plaintiff must prove he has properly exhausted his administrative remedies. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A); Mezu v. Morgan State University, 367 Fed.Appx. 385, 388 (4th Cir. 2010); Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). An individual properly exhausts his administrative remedies by: (1) filing a Charge of Discrimination with the EEOC within 180 days of the occurrence of the alleged discrimination; (2) receiving statutory Notice of Right to Sue from the EEOC; and (3) filing the lawsuit based on the Charge of Discrimination within ninety (90) days of receiving the Notice. 42 U.S.C. § 2000e-5(e), (f)(1); 29 U.S.C. § 626(d), (e). If the individual does not file within 180 days, he has failed to exhaust his administrative remedies and is foreclosed from bringing suit on the allegations under Title VII. [2] See 42 U.S.C. § 2000e-5(f)(1); see also Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 393 (1982); Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987); Clarke v. DynCorp Int'l LLC, 962 F. Supp. 2d 781, 787 (D. Md. 2013). Consequently, a Complaint must be dismissed pursuant to Rule 12(b)(1) if the Plaintiff has failed to sufficiently "allege and prove filing of a timely charge of discrimination… together with receipt of, and action on, a statutory notice of his right to sue." United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979) (citing 42 U.S.C. § 2000e-5(f)(1)).
>
> Here, Plaintiff has failed to exhaust his administrative remedies with respect to Count 1 of his Complaint. As discussed above, Count 1 of Plaintiff's Complaint portrays a discrete incident involving Plaintiff's coworker, Jamal Adams, that

---

[2] "The 180-day limitations period in 26 U.S.C. § 626(d)(1) is not jurisdictional and may be equitably tolled." Stroupe v. Hammary Furniture Co., No. 5:99CV141-H, 2000 WL 1448591, at *2 (W.D.N.C. Mar. 15, 2000); See also Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982). Plaintiff has not provided any justification for why Count 1 of his claim is subject to equitable tolling, and the Court does not see any reason for providing the Plaintiff with such relief.

occurred in July of 2015 and a written warning that ensued on July 15, 2015, as a result of the incident. Although Plaintiff filed a Charge of Discrimination with the EEOC on March 16, 2016, alleging misconduct for the timeframe including July 2015, Plaintiff failed to mention the Jamal Adams incident in any EEOC Charges. A blanket charge of racial discrimination from the dates of July 1, 2015, to April 13, 2016, does not sufficiently encompass an incident not specifically mentioned, especially when Plaintiff's Complaint fails to assert discrimination based on race or any other protected class and does not provide any allegations to suggest the alleged discrimination arising out of the July 2015 alleged misconduct was an ongoing matter. Because Plaintiff failed to file a Charge of Discrimination with the EEOC within 180 days from the incident with Jamal Adams, Plaintiff failed to exhaust his administrative remedies and Count 1 of his Complaint must be dismissed. For the foregoing reasons, Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 14; Doc. No. 16) are GRANTED with respect to Count 1. (Doc. No. 26).

Count 1 of Plaintiff's Amended Complaint (Doc. No. 27) is DISMISSED and Defendant's Motion to Dismiss Count 1 (Doc. No. 28) is GRANTED.

### 2. Count 2 – Retaliation –

Based on a liberal reading of Plaintiff's Amended Complaint, Plaintiff next asserts Defendants retaliated against for his EEOC filings. In his Amended Complaint, which reads more like a narrative, Plaintiff describes in detail the events surrounding the July 14, 2016, Disciplinary Action Form he received for allegedly performing his job in an unsafe and unsatisfactory manner. (Doc. No. 27). In addition, Plaintiff has filed various exhibits which speak to the July 2016 incident.

Plaintiff has failed to meet his burden of sufficiently alleging facts that plausibly state a claim of retaliation for which relief can be granted. As Defendant states, "Plaintiff's Amended Complaint is completely devoid of any allegations that specify the legal theory for the claims set forth therein. He has failed to allege whether he is pursuing claims under Title VII or the ADA. Defendant is left to guess." (Doc. No. 29, p. 5). Plaintiff further fails to plead he was a member

of a protected class under either Title VII or the ADA.  As Plaintiff has, in a number of his pleadings, affirmatively denied any disability, the Court analyzes the remainder of Plaintiff's claims under Title VII.

To assert a cognizable claim of retaliation under Title VII and overcome Defendants' Rule 12(b)(6) Motion, Plaintiff was required to plead: (1) Plaintiff engaged in a protected activity; (2) Defendant took adverse action against Plaintiff; and (3) a causal connection exists between the protected activity and the adverse action.  Krane v. Capital One Servs., Inc., 314 F.Supp.2d 589, 610 (E.D.Va. 2004); Williams v. Guilford Tech. Cmty. Coll. Bd. Of Trustees, 117 F.Supp.3d 708, 720 (M.D.N.C. 2015).  Plaintiff's Amended Complaint fails to properly plead a claim for retaliation under Title VII.  Although the Court can *infer*, based on an exceptionally liberal reading of the Amended Complaint that Plaintiff engaged in protected activity, the filing of multiple EEOC charges, Plaintiff's Amended Complaint fails to satisfy the second and third prongs of his Title VII retaliation claim.  Although Plaintiff discusses the events surrounding the July 2016 Disciplinary Action Form at length, he failed to assert the Disciplinary Action constitutes Defendants taking adverse action against Plaintiff.  Moreover, Plaintiff has wholly omitted any language which would imply a causal connection exists between Plaintiff's EEOC filings and his July 2016 Disciplinary Action Form.  Plaintiff does not allege he received the disciplinary action because of his filing EEOC Charges against Schneider.  Further, nothing in Plaintiff's Amended Complaint can be read to suggest that the disciplinary action resulting from the incident on July 14, 2016 was retaliatory in nature.

8

Case 3:17-cv-00126-FDW-DSC   Document 32   Filed 05/05/20   Page 8 of 12

The most liberal reading of Count 2 of Plaintiff's Amended Complaint still fails to plead a cognizable claim. Thus, Count 2 of Plaintiff's Amended Complaint (Doc. No. 27) is DISMISSED and Defendant's Motion to Dismiss Count 2 (Doc. No. 28) is GRANTED.

### 3. Count 3 – Wrongful Termination –

Plaintiff's Amended Complaint lastly attempts to assert Plaintiff was placed on unrequested medical leave and was wrongfully terminated[3]. (Doc. No. 27). Again, based on Plaintiff's Amended Complaint, it is unclear whether Plaintiff believes his claim for wrongful termination falls within the scope of Title VII or the ADA, as he has failed to specify the legal theory for his claim. Further, Plaintiff has failed to plead he is a member of a protected class under either Title VII or the ADA. Nevertheless, because Plaintiff has affirmatively denied any disability, the Court analyzes Plaintiff's amended complaint under Title VII.

To successfully plead a claim for wrongful termination and overcome Defendants' 12(b)(6) Motion, Plaintiff's Complaint must demonstrate that: (1) he was in a protected class; (2) he suffered an adverse employment action; (3) at the time of discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. Scott v. Health Net Federal

---

[3] The Court reads Plaintiff's numerous pleadings together in deciphering Plaintiff's intention to assert a claim for wrongful termination against Defendants. However, Plaintiff does not actually assert wrongful termination in his Amended Complaint. See Doc. No. 27 ("It is also noteworthy that Schneider Electric management team attempted to force me out on a medical leave that was not requested ,recommended by my doctor, or even necessary. If Schneider Electric management team were successful in getting me to accept the medical leave they had started, on my behalf, claiming it was in my best interest, they would have forced me into committing fraud which would have resulted in a justified Termination… The Salisbury Schneider Electric management team is guilty of discrimination, harassment, retaliation, defamation of character, and bullying. When you take a stand against their wrongful conduct they will do whatever is necessary, up to and including walking you out through the production work area so that everyone could see what will happen to them if they take a stand for what is right, and showing their power to all."

9

Services, LLC, 463 F.App'x. 206, 208 (4th Cir. 2012); Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007).

The Amended Complaint does not satisfy the pleading requirements required under Twombly and Iqbal.  At the outset, as mentioned above, Plaintiff's Amended Complaint fails to sufficiently plead that Plaintiff was a member of a protected class or that his termination was an adverse employment action.  Furthermore, Plaintiff's Amended Complaint fails to satisfy the third prong of his wrongful termination claim under Title VII.  This Court has previously held, and the Fourth Circuit affirmed, that "[a]n employee that fails to comply with h[is] employer's policies governing on-the-job behavior and refuses counseling does not meet the employer's legitimate expectations of employee conduct."  Pressley v. CaroMont Health, Inc., No. 3:09-CV-460-FDW-DSC, 2010 WL 4625965, at *3 (W.D.N.C. Nov. 3, 2010), aff'd, 414 F. App'x 566 (4th Cir. 2011) (citing Mianegaz v. Hyatt Corp., 319 F.Supp.2d 13, 21 (D.D.C. 2004).  At the time of Plaintiff's termination, Plaintiff had received at least two written warnings (July 14, 2015 and July 14, 2016). Despite the disciplinary action he had received, Defendant gave Plaintiff the opportunity to continue employment, provided he participated in counseling through the company's Employment Assistance Program ("EAP").  Instead, Plaintiff refused counseling and even called Schneider's third-party benefits administrator, the Reed Group, to cancel the paid medical leave that he was placed on pending compliance with Schneider's EAP program.  Because of Plaintiff's refusal to attend counseling, he cannot demonstrate that, at the time of his termination, he was performing his job at a level that met his employer's legitimate expectations.  In addition, Plaintiff failed to plead his position remained open or was filled by similarly qualified applicants outside of the unknown protected class he believes he is a member of.

10

The most liberal reading of Count 3 of Plaintiff's Amended Complaint still fails to plead a cognizable claim. Thus, Count 3 of Plaintiff's Amended Complaint (Doc. No. 27) is DISMISSED and Defendant's Motion to Dismiss Count 3 (Doc. No. 28) is GRANTED.

### III. CONCLUSION

As discussed above, the Court has given Plaintiff *several* opportunities to amend his Complaint to state a cognizable claim under law and comport to the Federal Rules of Civil Procedure.

In its Order filed February 25, 2020, the Court provided Plaintiff the opportunity "to file a final, comprehensive amended complaint." (Doc. No. 26, p. 8). The Court advised Plaintiff "that absent extraordinary circumstances, no further amendments to the complaint [would] likely [] be allowed," and "[f]ailure to comply with the[] directives could result in summary dismissal of [his] claims." (Doc. No. 26, p. 8).

Despite the Court's warnings and instructions, Plaintiff has failed to properly state a claim for which relief can be granted. Thus, the Court has "seen no evidence in the record that would indicate that if the plaintiff[] were given further opportunities, [he] would be able to correct the deficiencies." North Carolina v. McGuirt, 114 F. App'x 555, 560 (4th Cir. 2004). Accordingly, the Court dismisses Plaintiff's claims with prejudice. See McGuirt, 114 F. App'x at 559 ("Aggravating factors may… present sufficient weight in favor of [dismissal with prejudice] and bring it within the appropriate discretion of the district court. One such aggravating factor, for instance, is whether the plaintiff has *persisted* in failing to comply with Rule 8(a)"); Tornello Fontaine Pierce el Bey v. Cooper, No. 315CV00539FDWDSC, 2017 WL 3669538 (W.D.N.C.

Aug. 24, 2017), aff'd sub nom. Pierce El Bey v. Stein, 708 F. App'x 142 (4th Cir. 2018); Dillard v. Perry, No. 5:16-CT-3329-FL, 2019 WL 1244701 (E.D.N.C. Mar. 18, 2019).

For the foregoing reasons, Defendants' Motions to Dismiss (Doc. No. 28; Doc. No. 30) are GRANTED, and the case is DISMISSED WITH PREJUDICE.

The Court respectfully requests the Clerk of Court close the case and mail a copy of this Order to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Signed: May 5, 2020

Frank D. Whitney
Chief United States District Judge